IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1173-WJM-NYW

JASON WOODFORK,

    Plaintiff,

v.

JEFFERSON COUNTY FAIRGROUNDS,

    Defendant.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART
DECEMBER 8, 2020 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the December 8, 2020 Report and Recommendation of United States Magistrate Judge Nina Y. Wang (the "Recommendation") (ECF No. 33) that the Court grant in part Defendant Jefferson County Fairgrounds's Motion to Dismiss (ECF No. 22) ("Motion") Plaintiff Jason Woodfork's Second Amended Complaint (ECF No. 20). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, the Recommendation is adopted in part and rejected in part.

## I. BACKGROUND[1]

This action arises out of the alleged discriminatory treatment of Plaintiff by his former employer, the Defendant in this action. (ECF No. 20.) Specifically, Plaintiff

---

[1] The following facts are taken from Plaintiff's Second Amended Complaint, which the Court assumes are true for the purpose of resolving the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

alleges that Defendant subjected him to adverse treatment during his employment as a camp host supervisor, ultimately causing him to resign from his position. (*Id.* at 3–14.) He asserts that the adverse treatment was based on his race ("Moorish" or "Asiatic"), religion (Islam), and his complaints of sexual harassment of his supervisees. (*Id.* at 3–14.)

Plaintiff filed his initial Complaint on April 27, 2020. (ECF No. 1.) Defendant filed its initial motion to dismiss on August 3, 2020. (ECF No. 12.) In response, Plaintiff filed an Amended Complaint on August 21, 2020 and a Second Amended Complaint on August 24, 2020, which is the operative complaint. (ECF Nos. 19 & 20.) He brings a total of seven claims, alleging wrongful termination and disparate treatment, hostile work environment, retaliation, and failure to pay overtime wages. (ECF No. 20.) He brings his claims pursuant to the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §§ 24-34-401 *et seq.* ("CADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").[2] (*Id.*)

Defendant filed its Motion on September 8, 2020, seeking dismissal of Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 22.) Plaintiff responded on October 8, 2020, and Defendant replied on October 21, 2020. (ECF Nos. 26 & 31.)

On December 8, 2020, Judge Wang issued her Recommendation that the Motion be granted in part and that Claims 1, 2, 3, 4, 5, and 6 be dismissed. (ECF No. 33.) She found that Plaintiff had failed to exhaust administrative remedies with respect to his

---

[2] Although Plaintiff does not specifically refer to a statutory basis for Claim 7, the Court construes this claim as arising under the FLSA, as it is a claim for unpaid wages.

2

CADA claims (Claims 2, 4, and 6), and therefore recommended granting the Motion as to those claims. (*Id.* at 8.) She further found that Plaintiff's Title VII claims (Claims 1, 3, and 5) failed to state a claim, and thus recommended granting the Motion as to those claims as well. (*Id.* at 11–18.) Judge Wang determined that Plaintiff plausibly alleged a claim under the FLSA and Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.* ("CWCA"), and therefore recommended denial of the Motion with respect to Claim 7. (*Id.* at 22.)

Plaintiff and Defendant filed Objections to the Recommendation on December 21, 2020. (ECF Nos. 35 & 36.) Defendant responded to Plaintiff's Objection on January 4, 2021, and Plaintiff responded to Defendant's Objection on January 11, 2021. (ECF Nos. 37 & 38.)

## II. LEGAL STANDARD

### A. Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

3

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.    Rule 12(b)(1)**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*

**C.    Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."

4

*Ridge at Red Hawk*, 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly,* 550 U.S. at 556).

## III. ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

**A.    CADA Claims**

Defendant contends that Plaintiff's CADA claims are barred because he failed to exhaust his administrative remedies by timely filing suit after the CCRD issued its notice of dismissal of his charge of discrimination. (ECF No. 22 at 2–3.) It seeks dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. (*Id.* at 1.)

Prior to bringing a claim under the CADA, a plaintiff must file suit within 90 days of receiving a notice of dismissal from the CCRD. Colo. Rev. Stat. § 24-34-306(2)(b)(I)(C). Failure to file suit within 90 days is "an absolute bar to filing." *Robinson*

*v. Reg'l Transp. Dist.*, 2018 WL 2414866, at *3 (D. Colo. May 29, 2018). Whether a plaintiff has exhausted his administrative remedies is a question of "jurisdictional fact." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002). Accordingly, failure to exhaust administrative remedies by timely filing suit deprives a court of subject-matter jurisdiction over the claim. *See Robinson,* 2018 WL 2414866, at *3.*

Judge Wang determined that Plaintiff had failed to exhaust administrative remedies because he filed this action on April 27, 2020, well over 90 days after the CCRD issued its notice of dismissal on October 14, 2019. (ECF No. 33 at 7.) She concluded that the Court lacked jurisdiction over the CADA claims due to the failure to exhaust. (*Id.*) Accordingly, she recommended granting the Motion as to the CADA claims (Claims 2, 4, and 6). (*Id.* at 8.)

In his Objection, Plaintiff argues that his CADA claims are not barred as untimely, stating that he initiated this action on April 13, 2020, within 90 days of receiving a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 35 at 2.) Plaintiff does not assert that he filed his Complaint prior to the CADA deadline, but argues that the EEOC right-to-sue notice exhausted administrative remedies with respect to his CADA claims because he initiated this action in federal court. (*Id.*)

Judge Wang considered and rejected this argument. (ECF No. 33 at 8.) As Judge Wang discussed, a plaintiff must bring CADA claims within 90 days of receiving a notice of dismissal from the CCRD. Colo. Rev. Stat. § 24-34-306(2)(b)(I)(C). Plaintiff concedes he did not do so. (ECF No. 35 at 2.) The CADA is a distinct statute from Title

6

VII and contains its own deadlines. Because Plaintiff admits that he did not file his CADA claims within 90 days of receipt of the notice of dismissal, the claims are time-barred. *See Bankston v. Antlers Hilton Hotel*, 2011 WL 6153024, at *4 n.2 (D. Colo. Nov. 3, 2011) (finding that EEOC right-to-sue letter was "irrelevant" to CADA exhaustion requirements, as it only encompassed federal claims); *Robinson*, 2018 WL 2414866, at *4 (finding plaintiff's CADA claims untimely because he filed suit after the 90-day limit and there was no "legal authority for combining state and federal claims" such that an EEOC right-to-sue letter cured the untimeliness of the CADA claims).

The Court therefore adopts this portion of the Recommendation and dismisses Plaintiff's CADA claims (Claims 2, 4, and 6). As this jurisdictional ruling is not an adjudication on the merits, the dismissal is without prejudice.

**B.     Title VII Claims**

Defendant also moves to dismiss Plaintiff's Title VII claims (Claims 1, 3, and 5), contending that Plaintiff failed to exhaust his administrative remedies as to certain allegations and, notwithstanding the failure to exhaust, does not plead plausible Title VII violations. (ECF No. 22 at 8–15.) Although Defendant asserts that particular allegations must be excluded because Plaintiff did not include these events in his charge of discrimination, the Court for the sake of thorough analysis will—as Judge Wang did—consider all well-pleaded allegations in the Second Amended Complaint.[3]

    i.     *Claim 1: Wrongful Termination and Disparate Treatment*

To sustain a wrongful termination claim, Plaintiff must allege that: (1) Defendant subjected him to an adverse employment action, (2) Defendant did so despite Plaintiff

---

[3] A plaintiff typically may not base Title VII claims on events not included a timely filed charge of discrimination. *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012).

7

performing his job satisfactorily, and (3) Defendant did so because of Plaintiff's race, color and/or religion. *See Stover v. Martinez*, 382 F.3d 1064, 1077 (10th Cir. 2004); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1229 (10th Cir. 2000). To plausibly allege a constructive discharge theory of wrongful termination, a plaintiff carries a "substantial" burden to show that working conditions were "objectively intolerable." *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1269 (10th Cir. 2015); *Fischer v. Forestwood Co.*, 525 F.3d 972, 980 (10th Cir. 2008). Further, the same elements govern a claim for disparate treatment, but Plaintiff must also allege that Defendant treated him less favorably than those not in a protected class or practicing a different religion. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

Defendant argues that Plaintiff cannot state a claim for wrongful termination or disparate treatment because he did not suffer an adverse employment action and does not allege that Defendant treated similarly situated employees differently. (ECF No. 22 at 8–9.)

Judge Wang determined that Plaintiff did not state a claim for wrongful termination and disparate treatment because the conduct of which he complained did not rise to the level of adverse employment action. (ECF No. 33 at 13.) Namely, Plaintiff alleged that his supervisory duties over other camp hosts ended, he was required to work weekends, was denied business cards, was denied training opportunities, and was reprimanded by superiors, which led him to resign. (ECF No. 20 at 4–12.) Judge Wang found that such actions constituted "mere inconvenience[s] or an alteration of job responsibilities" that did not amount to adverse employment actions. (ECF No. 33 at 13–14 (quoting *Exby-Stolley v. Bd. of Cnty. Comm'rs, Weld Cnty., Colo.*,

8

906 F.3d 900, 917 (10th Cir. 2018)).)

In his Objection, Plaintiff argues that his allegations are sufficient to state a claim because he complained about the harassment of camp hosts and recommended that Defendant implement a sexual harassment training, but his supervisors ignored his input. (ECF No. 35 at 7–8.) He appears to assert that the rejection of his suggestion constituted an adverse employment action because he "felt the need to resign" after this encounter. (*Id.* at 7–8.)

As Judge Wang found, this type of minor inconvenience does not constitute a "significant change in employment status" sufficient to implicate a Title VII claim. *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011). To the extent that Plaintiff argues that the purported constructive discharge was the adverse action, Judge Wang already considered all allegations and concluded that he was not constructively discharged because the actions complained of did not render "working conditions so intolerable that a reasonable person would feel forced to resign." (ECF No. 33 at 14 (quoting *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1135 (10th Cir. 2004).) Accordingly, the Court adopts this portion of the Recommendation and dismisses Claim 1.

ii. *Claim 3: Harassment and Hostile Work Environment*

To sustain a claim for harassment and hostile work environment, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was subject to unwelcome harassment (3) based on his race or religion, and (4) the harassment was so severe or pervasive that it altered a term, condition, or privilege of his employment and created an abusive work environment. *See Payan v. United Parcel Serv.*, 905 F.3d 1162, 1170

9

(10th Cir. 2018). The alleged harassment must be greater than "run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces." *Morris v. City of Colorado Springs*, 666 F.3d 654, 664 (10th Cir. 2012).

Plaintiff alleges that supervisors reprimanded him, raised their voices at him, and humiliated him through several interactions. (ECF No. 20 at 8–9.) He also alleges that he "felt coerced to work excessive hours" and was required to wear different colored shirts from his colleagues. (*Id.* at 8–9.)

Judge Wang found that Plaintiff's allegations as to causality were vague and conclusory, as he stated only that he was the only Moorish American or Muslim employee and was treated poorly. (ECF No. 33 at 15–16.) She concluded that Plaintiff failed to state a claim because he did not allege severe harassment nor a causal connection between the purported harassment and his race, color, or religion. (*Id.* at 15–16.)

In his Objection, Plaintiff argues that Claim 3 should not be dismissed because he pleads a viable hostile work environment claim. (ECF No. 35 at 9–11.) He relies on his allegations that his work schedule over the weekend interfered with his personal life by limiting his availability, and that he had heard from a co-worker that his supervisors intentionally were attempting to schedule him on Fridays, knowing that this day was his Sabbath. (*Id.* at 9.) He also argues that being required to wear a different uniform shirt, and the limiting of his job duties, caused him to feel "chopped down" and ultimately led him to resign. (*Id.* at 10–11.)

Again, the inconveniences and slights Plaintiff describes may constitute an annoyance or inconvenience, but they do not rise to the level of severity that establishes

10

a legally actionable abusive workplace environment. *See Morris*, 666 F.3d at 664–65; *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (stating that Title VII is violated "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult'"). Moreover, Plaintiff's sparse and conclusory allegations as to causality, without more, are insufficient to suggest a nexus between his race or religion and the purportedly abusive behaviors. *See Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019) (stating that "a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides 'sheer speculation'"). Accordingly, the Court adopts this portion of the Recommendation and dismisses Claim 3.

      iii.     *Claim 5: Retaliation*

To plead a retaliation claim, Plaintiff must allege that: (1) he "engaged in protected opposition to discrimination," (2) "a reasonable employee would have found the challenged action materially adverse," and (3) "a causal connection existed between the protected activity and the materially adverse action." *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008) (internal quotation marks omitted). Plaintiff's retaliation claim is based on his reporting of harassment of the employees he supervised to his superiors and the alleged mistreatment that followed his reports. (ECF No. 20 at 10–11.)

Defendant argues that Plaintiff fails to state a retaliation claim because he has not alleged a materially adverse employment action, nor a causal nexus between such action and his protected activity. (ECF No. 22 at 12–13.)

Judge Wang found that Plaintiff failed to plausibly allege a retaliation claim

11

because the adverse actions complained—*e.g.*, working more and inconvenient hours including his Sabbath day of Friday, denial of a managerial position, reprimands in a meeting, and denial of business cards—did not amount to materially adverse conduct. (ECF No. 33 at 17.)  She further determined, even assuming the material adversity of these actions, that Plaintiff failed to plead a causal connection between the actions and his protected activity.  (*Id.* at 17–18.)

In his Objection, Plaintiff argues that he plausibly alleges a retaliation claim, arguing that he pleaded a causal connection.  (ECF No. 35 at 11–14.)  Specifically, he asserts that he indeed alleged that the poor treatment was due to his report.  (*Id.* at 12.)

Notably, Plaintiff fails to specifically object to Judge Wang's conclusion that the actions complained of were not materially adverse.  (*Id.* at 11–12.)  With respect to causality, Plaintiff states that "Jefferson County took all these actions because of [Plaintiff's] complaints," and that he "felt retaliated against."  (*Id.*)  Significantly, he does not, however, plead any facts or circumstances which would support the inference of causality, such as temporal proximity.  *See O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001) (stating that "[u]nless there is very close temporal proximity between the protected activity and the retaliatory conduct, the plaintiff must offer additional evidence to establish causation").

Even assuming that the alleged adverse treatment was material, given Plaintiff's sparse and conclusory allegations suggesting a causal connection between such treatment and his reporting of harassment, allegations notably lacking any factual basis, he has failed to allege a plausible retaliation claim.  *See id.*  The Court therefore adopts this portion of the Recommendation and dismisses Claim 5.

iv.   *Futility of Amendment*

Dismissal of an action is a harsh remedy, and a court may in its discretion liberally grant a *pro se* litigant leave to cure pleading deficiencies.  *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).  Such leave need not be granted, however, where amendment would be futile.  *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014); *see also Jackson v. Jackson*, 377 F. App'x 829, 831 (10th Cir. 2010) (upholding dismissal of litigant's complaint after repeated failure to comply with court's orders to cure deficient filings).

Plaintiff has already amended his Complaint twice, and he has once again failed to set forth facts in his Second Amended Complaint which plausibly support his Title VII claims.  (ECF Nos. 1, 19 & 20.)  The Court finds that granting leave to file yet a third amended complaint to assert these claims would be futile, and as a consequence it will dismiss the Title VII claims (Claims 1, 3, and 5) with prejudice.

**C.   Unpaid Wage Claim**

Plaintiff's Claim 7 is labeled "Failure to Pay wages under State and Federal law/Breach of contract/Promissory Estoppel/Unfair business practices."  (ECF No. 20 at 11.)  Essentially, he alleges that he was unable to submit certain hours he worked to the human resources department and is entitled to approximately "166.5 [overtime] hours at a rate of $14.00 per hour."  (*Id.* at 11–12.)  The Court construes Claim 7 as arising under the FLSA.[4]

---

[4] The FLSA preempts duplicative state law and equitable claims for unpaid overtime wages. *See Gomez v. Children's Hosp. Colo.*, 2018 WL 3303306, at *3–4 (D. Colo. July 8, 2018) (dismissing plaintiff's promissory estoppel claim for overtime wages as duplicative of her FLSA claim); *Valverde v. Xclusive Staffing, Inc.*, 2017 WL 3855769, at *9 (D. Colo. Sept. 5, 2017) (finding FLSA preempted quasi-contract claims for unpaid overtime wages).

The FLSA requires employers to compensate their employees overtime pay for work in excess of forty hours per week.  *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304 (10th Cir. 2011).  The pay rate must be "not less than one and one-half times the regular rate" of pay.  29 U.S.C. § 207(a)(1).

Defendant contends that the FLSA claim fails because Plaintiff concedes he did not submit his overtime hours for compensation, and therefore Defendant had no knowledge that it owed the wages.  (ECF No. 22 at 14.)  Defendant further contends that the claim is untimely because Plaintiff first asserted this claim after the applicable two-year statute of limitations had run.  (*Id.*)

Judge Wang found that Plaintiff plausibly alleged a claim under the FLSA and the CWCA.  (ECF No. 33 at 20.)  Liberally construing his allegations and acknowledging that this action is at the pleading stage, she determined that Plaintiff had plausibly alleged a claim under the FLSA and CWCA by alleging that Defendant frequently required him to work overtime, which supported the inference that Defendant was aware that Plaintiff had earned overtime pay which he did not receive.  (*Id.* at 20–21; *see also Rayfield v. Sandbox Logistics, LLC*, 217 F. Supp. 3d 1299, 1300 (D. Colo. 2016) (finding that plaintiff had plausibly pleaded FLSA claim where he alleged he worked over 40 hours per week and did not receive overtime pay).)  Judge Wang further found that the claim was timely because it because it arose out of the same conduct, transaction, or occurrence set out in the initial Complaint and therefore related back to the filing of Plaintiff's initial Complaint.  (*Id.* at 21.)

In its Objection, Defendant argues only that the claim is barred to the extent it arises under the CWCA.  (ECF No. 36 at 3.)  Specifically, Defendant contends that a

government entity is not a "covered entity" subject to liability under the CWCA. (*Id.*)

The CWCA provides that an employer is defined identically to the FLSA, except that under the state statute it does not encompass "the state or its agencies or entities," including counties. Colo. Rev. Stat. § 8-4-101(6); *see also Paulu v. Lower Ark. Valley Council of Gov'ts*, 655 P.2d 1391, 1392 (Colo. App. 1982) (stating that "counties and municipal corporations are excepted from the definition of 'employer' in Colo. Rev. Stat. § 8-4-101(6)").

Given that the law clearly provides that the CWCA does not apply to municipal agencies, which Defendant undisputedly is, it is not subject to liability for a CWCA claim. Defendant's Objection is therefore sustained, the Recommendation is rejected in part, and Defendant's Motion is granted to the extent that Claim 7 is premised on the CWCA. Claim 7 is dismissed without prejudice to the extent it is a CWCA claim.

For whatever reason, however, Defendant elected not to challenge Judge Wang's ruling with respect to the viability of Plaintiff's FLSA claim. (*See generally* ECF No. 36.) Finding that Judge Wang's analysis and decision are not clearly erroneous, the Court adopts this portion of the Recommendation in part, and will allow Claim 7 to proceed to the extent it arises under the FLSA.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 33) is ADOPTED IN PART AND REJECTED IN PART as set forth more fully above;

2. Plaintiff's Objection (ECF No. 35) is OVERRULED;

3. Defendant's Objection (ECF No. 36) is SUSTAINED;

15

4. Defendant's Motion to Dismiss (ECF No. 22) is GRANTED IN PART;

5. Plaintiff's Claims 1, 3, and 5 are DISMISSED WITH PREJUDICE;

6. Plaintiff's Claims 2, 4, and 6 are DISMISSED WITHOUT PREJUDICE;

7. Plaintiff's Claim 7 is DISMISSED WITHOUT PREJUDICE to the extent it is based on the CWCA;

8. Plaintiff's Claim 7 may proceed to the extent it is based on the FLSA; and

9. No later than **June 9, 2021**, the parties shall contact the chambers of Judge Wang to schedule a status conference, or such other proceeding as Judge Wang decides is appropriate to move forward what remains of this action.

Dated this 4th day of June, 2021.

BY THE COURT:

William J. Martinez
United States District Judge