IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1173-WJM-NYW

JASON WOODFORK,

    Plaintiff,

v.

JEFFERSON COUNTY FAIRGROUNDS,

    Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff Jason Woodfork's Motion to Mistake in Judgement [*sic*] ("Motion") (ECF No. 42), which the Court construes as a motion for reconsideration of the Court's June 4, 2021 Order Adopting in Part and Rejecting in Part December 8, 2020 Recommendation of United States Magistrate Judge ("Order") (ECF No. 39).[1] For the following reasons, the Motion is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

This action arises out of the alleged discriminatory treatment of Woodfork by his former employer, Defendant Jefferson County Fairgrounds (the "County"). (ECF No. 20.) Woodfork initiated this action on April 27, 2020, and filed his Second Amended Complaint on August 24, 2020, which is the operative complaint. (ECF Nos. 1 & 20.) He brought a total of seven claims, pursuant to the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §§ 24-34-401 *et seq.* ("CADA"), Title VII of the Civil Rights Act of 1964,

---

[1] Specifically, Woodfork "seeks to clarify, correct, and reverse" the Court's dismissal of his Title VII claims. (ECF No. 42 at 1.)

42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").[2]  (ECF No. 20.)

The County filed its Motion to Dismiss on September 8, 2020.  (ECF No. 22.)  On December 8, 2020, United States Magistrate Judge Nina Y. Wang issued her Recommendation that the Motion be granted in part and that Claims 1, 2, 3, 4, 5, and 6 be dismissed.  (ECF No. 33.)

On June 4, 2021, the Court issued its Order adopting the Recommendation in part and granting in part the County's Motion to Dismiss.  (ECF No. 39.)  The Court dismissed Woodfork's Title VII claims (Claims 1, 3, and 5) with prejudice for failure to state a claim and dismissed his CADA claims (Claims 2, 4, and 6) without prejudice for failure to exhaust administrative remedies.  (*Id.* at 16.)  The Court denied the County's Motion to Dismiss with respect to Woodfork's FLSA claim (Claim 7).  (*Id.*)

Woodfork filed his Motion on June 17, 2021, seeking reconsideration of the Court's dismissal of his Title VII claims (Claims 1, 3, and 5).  (ECF No. 42.)  The County responded on June 24, 2021.  (ECF No. 44.)

## II. LEGAL STANDARD

District courts have broad discretion to reconsider interlocutory rulings before the entry of judgment.  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).  Grounds for such reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

---

[2] Although Woodfork does not specifically refer to a statutory basis for his seventh claim, the Court construes this claim as arising under the FLSA, as it is a claim for unpaid overtime wages.

2

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*

### III. ANALYSIS

Woodfork appears to argue that the Court improperly dismissed his Title VII claims by relying on inaccurate facts. (ECF No. 42 at 3–6.) For example, he clarifies that he held a supervisory role over camp hosts, that one colleague who reprimanded him was not a "supervisor," and that his job duties resulted in overtime hours which were difficult to accurately track. (*Id.* at 3–6.) He further elaborates on the significance of being made to wear a different colored shirt from others in his supervisory position. (*Id.* at 4.)

These minor factual additions and corrections have no impact on the Court's ruling. The Court relied on the well-pled allegations in Woodfork's Complaint in determining that Woodfork failed to state a claim for violations of Title VII, and Woodfork fails to set forth how the consideration of this additional background alters the analysis. Moreover, the Court already addressed the allegations about inconvenient scheduling, the change in his supervisory duties, and the shirt assignment. (ECF No. 39 at 8–12.)

A motion for reconsideration is not the proper vehicle to raise arguments that a party had the opportunity to raise in earlier briefing. *See Cheavens v. Pub. Serv. Corp. of Colorado*, 2016 WL 8469747, at *3 (D. Colo. Oct. 4, 2016) ("Motions under Rule 59(e) are not appropriate to . . . advance arguments that could have been raised in prior briefing." (internal quotation marks omitted)). Woodfork has failed to demonstrate an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Instead, Woodfork merely elaborates on facts already raised in his Complaint and considered by the Court in its Order.[3] (*See generally* ECF No. 42.)

As Woodfork has not demonstrated that the Court's Order was clearly erroneous, he has failed to meet his burden under Rule 59(e). *See Servants of the Paraclete*, 204 F.3d at 1012. Accordingly, Woodfork's Title VII claims remain untenable, and the Motion must be denied.

## IV. CONCLUSION

For the reasons set forth above, Woodfork's Motion (ECF No. 42) is DENIED.

Dated this 29th day of June, 2021.

BY THE COURT:

William J. Martinez
United States District Judge

---

[3] Further, to the extent that Woodfork focuses on his inability to track overtime hours worked and consequent lack of compensation, the Court notes that its Order allows his unpaid wage claim to proceed. (ECF No. 39 at 15.)

4